**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Eduardo Cruz Castillo,<br>Movant/Defendant<br>-vs-<br>United States of America,<br>Respondent/Plaintiff. | CV-12-2169-PHX-FJM (JFM)<br>CR-12-1084-PHX-FJM<br><br>**Report & Recommendation**<br>**on**<br>**Motion to Vacate, Set Aside or Correct**<br>**Sentence** |

## I. MATTER UNDER CONSIDERATION

Movant, following his conviction in the United States District Court for the District of Arizona, filed a first amended Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255  on October 20, 2012 (Doc. 5).  On March 20, 2013 Respondent filed its Response (Doc. 13).   Movant has not filed a reply.

The Movant's Motion is now ripe for consideration.   Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 10, Rules Governing Section 2255 Cases , Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND

### A. FACTUAL BACKGROUND AND PROCEEDINGS AT TRIAL

In screening the Motion in this case, the Court summarized the fact and procedural background as follows:

> Movant was arrested on March 9, 2012 for illegal re-entry after removal and on April 10, 2012, a criminal complaint was filed against Movant. *United States v. Cruz-Castillo*, No. CR12-1084-PHX-FJM, doc. 1. At the time of Movant's arrest, Movant was subject to supervised release for a previous conviction for illegal re-

1

entry after removal in this District. *See United States v. Cruz-Castillo*, No. CR08-1357 (D. Ariz. Apr. 20, 2009), doc. 22. A petition to revoke supervised release was filed in that case based upon Movant's March 9, 2012 arrest. *Id.*, doc. 45. On May 22, 2012, Movant waived indictment and consented to proceeding by information in the new criminal case. *Cruz-Castillo*, CR12-1084, doc. 17. The same day, Movant pleaded guilty to the information before Magistrate Judge Duncan, who found the guilty plea was knowing, intelligent, and voluntary, and who recommended that the guilty plea be accepted. *Id.*, doc. 19, 21. However, on September 21, 2012, this Court rejected the plea agreement and afforded Movant the opportunity to withdraw his guilty plea. *Id.*, doc. 23. Movant chose to maintain his guilty plea without a written plea agreement and the case proceeded to sentencing. *Id.* Movant agreed that the presentence report (PSR) accurately reflected Movant's criminal history. The Court adopted the PSR. The PSR found a pre-departure advisory guideline range of offense level 10, criminal history VI, with an advisory guideline range of 24 to 30 months. The Court sentenced Movant to 30 months in prison followed by three years on supervised release in CR12-1084 to be served consecutively to the term of imprisonment imposed in CR08-1357 for violating the terms of supervised release. *Id.*

(Order 1/9/13, Doc. 6 at 2-3.)


## B.  PRESENT FEDERAL HABEAS PROCEEDINGS

**Motion** - Petitioner commenced the current case by filing a "Motion for Time Reduction" pursuant to 28 U.S.C. § 2255 on October 10, 2012 (Doc. 1). The Court dismissed that motion with leave to amend.  (Order 10/22/12, Doc. 3.)  Movant then filed the instant Amended Motion on October 30, 2012 (Doc. 5), asserting the following grounds for relief:

> In Ground One, he asserts that his attorney misled him into signing the plea agreement without explaining "anything" to him about it. (Doc. 5 at 5.) In Ground Two, he asserts that the Court sentenced him outside the U.S. Sentencing Guidelines (USSG) and outside the sentence under the plea agreement. In Ground Three, he asserts that his attorney failed to file a direct appeal as instructed by Movant. In Ground Four, Movant asserts that the USSG were not followed.

(Order 1/9/13, Doc. 6 at 3.)  On screening, the Court dismissed Ground One and the portions of Ground Two based upon the plea agreement because the Court had rejected the plea agreement.  A response to the balance of Ground Two and to Grounds Three and Four was ordered.  (*Id.*)

**Response** - On March 20, 2013, Respondents filed their Response (Doc. 13).

2

1   Respondent argues that Grounds Two and Four are without merit because: (1) the Court

2   properly calculated the Sentencing Guideline ranges; (2) Defendant failed to object to the

3   calculations of the ranges and failed to raise the issue on appeal; and (3) Movant's

4   sentence was within the guideline ranges and properly calculated.

5       Respondent argues that Ground Three is without merit because the affidavit of

6   trial counsel reflects no request for an appeal, and Movant has failed to show a viable

7   issue for appeal to establish the requisite prejudice from any failure to file such a notice.

8       **Reply** – The Court's service Order provided for "a reply within **30 days** from the

9   date of service of the answer."  (Order 1/9/13 at 4 (emphasis in original).)  That time has

10  passed and Movant has not filed a reply.

11

12                    **III. APPLICATION OF LAW TO FACTS**

13  **A.  GROUNDS 2 and 4:SENTENCE**

14      Movant's claims concerning his sentence are conclusory.  In Ground Two, (apart

15  from his rejected arguments about variance from his rejected plea agreement) Movant

16  simply complains that the Court "didn't stay in the guid lines [sic] of my sentencing."

17  (Amend Motion, Doc. 5 at 6.)  In his Ground Four he simple asserts "not following the

18  Guidelines."  (*Id.* at 8.)

19      **Procedural Default**- The general rule is "that claims not raised on direct appeal

20  may not be raised on collateral review unless the petitioner shows cause and prejudice."

21  *Massaro v. U.S.*, 538 U.S. 500, 504 (2003).  Thus, a Section 2255 movant raising a claim

22  for the first time in post-conviction proceedings is in procedural default, and is precluded

23  from asserting the claim.  *Bousley v. U.S.*, 523 U.S. 614, 621 (1998) (finding default

24  where petitioner challenging his guilty plea did not raise claim in direct appeal); *United

25  States v. Frady*, 456 U.S. 152, 165 (1982) (noting that a motion to vacate or modify a

26  sentence under 28 U.S.C. § 2255 cannot be used as a substitute for a direct appeal).[1]

27  ─────────────────────────
    [1]  This requirement does not apply to Movant's claim in Ground Three concerning

28  counsel's ineffectiveness in failing to file a notice of appeal.  In a federal prosecution,
    claims of ineffective assistance of counsel need not be exhausted on direct appeal, but

                                        3

Here, Movant did not file a direct appeal, and thus procedurally defaulted on his sentencing claim

"Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent'." *Bousley*, 523 U.S at 622 (citations omitted). Movant does not assert his actual innocence, and thus must show cause and prejudice to excuse his procedural default.

The only cause Movant has suggested is trial counsel's failure to file a notice of appeal. As discussed hereinafter, Movant has failed to show that counsel performed deficiently in this regard. Moreover, as discussed hereinafter, Movant has failed to show viable issue for review, either on appeal or in this action, and thus fails to show the requisite prejudice.

Accordingly, Movant's Grounds Two and Four should be dismissed as procedurally defaulted.

**<u>Sentence Within Guidelines</u>** – Even if not procedurally defaulted, Movant's claims in Grounds Two and Four are without merit.

Movant points to no specific departure from the guidelines, or error in calculating the guidelines range. (As discussed above, any departure from the plea agreement is irrelevant because Movant pled guilty despite the Court's rejection of the plea agreement.) During the sentencing hearing, the parties confirmed that they had reviewed the PSR and that the facts contained therein and the scoring of the guidelines were correct. (Exhibit A, R.T. 9/21/12 at 10-11.) The Court stated the advisory as well as the policy guideline ranges on the record, and, moreover, the defendant's counsel confirmed they were correct. (*Id.* at 11.) The Court calculated the applicable guidelines as "offense level 10, criminal history category VI, with an advisory guideline range of from 24 to 30

---

are properly brought in the first instance in a Motion pursuant to 28 U.S.C. sec. 2255. "We do hold that failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." *Massaro v. United States*, 538 U.S. 500, 509 (2003).

months." (*Id.* at 10.)

Petitioner was convicted in this case of violating Title 8, U.S.C. §1326(a), Re-Entry of Removed Alien, with sentencing enhancement pursuant to Title 8, U.S.C. §1326(b)(1), a Class C Felony offense.   The Sentencing Guidelines specify a base offense level of 8 for illegal reentry, and an increase of two levels if the deportation was after a felony.   U.S.S.G. § 2L1.2(a) and (b)( (1)(D).   Movant's acceptance of responsibility would have reduced the offense level by 2 levels.  U.S.S.G. § 3E1.1(a).  Thus, his offense level was 10.

The Court calculated Movant as having Criminal History Category  VI.  That requires 13 or more criminal history points.  In reviewing Movant's criminal history at sentencing, the Court pointed out the following convictions and sentences, which generate the indicated points:

1.  aggravated driving under the influence of intoxicating liquor, two years in prison (3 points);

2.  illegal reentry, a 21 month sentence (3 points);

3.  illegal reentry, a 24 month sentence (3 points).

In addition, the Court identified at least five other convictions, including two other DWI convictions, possession of drug paraphernalia on multiple convictions, and assault.  Even if the sentence on each of these were less than sixty days, they would garner at least one point each, up to a total of four points. U.S.S.G. § 4A1.1.  (Exhibit A, R.T. 9/21/12 at 19-20.)  Thus, Movant had at least thirteen criminal history points.

For an Offense level 10 and a Criminal History Category VI, the sentencing range is 24-30 months.  U.S.S.G., Sentencing Table.  Petitioner was sentenced to 30 months.  Thus, his sentence was within the guideline ranges.

Respondent also argues convincingly that the Court properly considered both the guidelines range and the other factors under 18 U.S.C. § 3553.  The Court discussed at length the nature of the illegal entry offense, Movant's history and characteristics including his criminal record, drug and alcohol abuse, violence, and medical condition,

the reason for an increased sentence for deterrence and to protect the public, the policy objectives under the statute, the potential for a sentence outside the guidelines, the appropriateness of a progressive increase in sentences for his illegal reentry offenses, etc. (Exhibit A, R.T. 9/21/12 at 18-22.)    Moreover, the Court explicitly stated that it "considered Section 3553." (*Id.* at 19.)

In sum, Movant offers nothing but conclusory allegations of error and the record reflects an entirely properly sentence.   For these reasons, Movant's attacks on the sentence in Grounds Two and Four are without merit.

## B.  GROUND 3: INEFFECTIVE ASSISTANCE

In his Ground Three, Movant complains that his "lawyer refused to do a direct appeal for me after my sentencing as he was asked to."  (Amended Motion, Doc. 5 at 7.) As does Respondent, the undersigned construes this as a claim of ineffective assistance of counsel.

A defendant claiming ineffective assistance of counsel must show (1) that counsel's representation "fell below an objective standard of reasonableness,"  and (2) that counsel's deficient performance prejudiced the defendant."  *Roe v. Flores-Ortega*, 528 U.S. 470, 476-77 (2000).  In *Flores-Ortega*, the Supreme Court observed: "We have long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." 528 U.S. at 477. Moreover, they clarified that "when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." He need not make any further showing that the appeal would have been meritorious or successful, although the likelihood of success may be relevant to the showing that he would have appealed had he been properly represented.  *Id.* at 484-485.

The *Flores-Ortega* Court also discussed the showing necessary where the defendant did not explicitly request that counsel file an appeal, but merely asserts that

6

counsel failed to discuss or to adequately advise Petitioner about the propriety of an appeal.  But here, Movant explicitly alleges that he instructed counsel to appeal.

Movant fails, however, to dress his allegation in anything other than his bald assertion.  For example, Movant does not identify when or in what manner or what context he requested counsel to file an appeal.

In the face of Movant's bare assertion, Respondent provides the affidavit of trial counsel, Fontes, who relates that he asked Movant "if he wished to appeal the convictions within the applicable time period," and that Movant "did not ask, instruct, or otherwise suggest that I file notices of appeal." (Exhibit B, Affidavit.)  Movant has not replied to offer any reason to reject this avowal.

Moreover, Movant has not requested an evidentiary hearing to support his allegations.  Even so, the Ninth Circuit has recognized that even when credibility is at issue, no evidentiary hearing is required if it can be " 'conclusively decided on the basis of documentary testimony and evidence in the record.' " *Shah v. U.S.*, 878 F.2d, 1156, 1159 (9th Cir. 1989) (quoting *United States v. Espinoza*, 866 F.2d 1067, 1069 (9th Cir.1989)).  The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. Mejia-Mesa*, 153 F.3d 925, 931 (9th Cir.1998).  2003).

Here, Movant's failure to proffer any potentially meritorious basis for appeal is sufficient for this Court to reject Movant's bald allegations.  The record reflects no reason to believe that Movant would have requested that an appeal be filed.  Movant had pled guilty, despite the trial court's rejection of the plea agreement, and had been sentenced within the guidelines range.  Movant's arguments at sentencing for a lesser sentence were policy arguments and calls for mercy, and would not have provided fodder for an appeal.  Movant suggests no procedural error, and no trial defense to what is essentially a status offense.  His allegations that the Sentencing Guidelines were not followed is a conclusory allegation, and in correct, and would have offered no hope for a

viable appeal.  His other allegations about violations of the rejected plea agreement would have also been baseless grounds for appeal.

Moreover, these are the very types of considerations the *Flores-Ortega* court found relevant to the inquiry whether the defendant, had he been properly advised, he would have proceeded with an appeal.  528 U.S. at 485-486.  In light of the paucity of Movant's allegations and the balance of the record, the undersigned finds it palpably incredible that Movant would have proceeded with an appeal.

Accordingly, the undersigned finds that Movant has failed to carry his burden of showing the requisite deficient performance and prejudice to sustain his claim in Ground Three.  Therefore, this claim must be denied as well.

## IV.  CERTIFICATE OF APPEALABILITY

**Ruling Required** - Rule 11(a), Rules Governing Section 2255 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1).

Here, the Amended Motion to Vacate is brought pursuant to 28 U.S.C. § 2255. The recommendations if accepted will result in Movant's Amended Motion to Vacate being resolved adversely to Movant.  Accordingly, a decision on a certificate of Appealability is required.

**Applicable Standards** - The standard for issuing a certificate of appealability ("COA") is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court=s assessment of the constitutional claims debatable or wrong."  *Slack v.*

*McDaniel*, 529 U.S. 473, 484 (2000).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id.*

**Standard Not Met** - Assuming the recommendations herein are followed in the district court's judgment, that decision will be in part on procedural grounds, and in part on the merits.

To the extent that Petitioner's claims are rejected on procedural grounds, under the reasoning set forth herein, the undersigned finds that "jurists of reason" would not "find it debatable whether the district court was correct in its procedural ruling."

To the extent that Petitioner's claims are rejected on the merits, under the reasoning set forth herein,  the claims are plainly without merit.

Accordingly, to the extent that the Court adopts this Report & Recommendation as to the Petition,  a certificate of appealability should be denied.

## V.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Movant's Amended Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, filed October 30, 2012 (Doc. 5) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that to the extent the reasoning of this Report & Recommendation is adopted, that a certificate of appealability be **DENIED.**

## VI. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

9

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See also* Rule 8(b), Rules Governing Section 2254 Proceedings.  Thereafter, the parties have fourteen (14) days within which to file a response to the objections.  Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues,  *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*),  and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated: June 24, 2013

12-2169r RR 13 06 18 on HC.docx

James F. Metcalf
United States Magistrate Judge